# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GURDIT S.,[1]
(A Number: 226-136-633)

Petitioner,

v.

WARDEN, *California City Immigration Processing Center*,

Respondent.

Case No. 1:26-cv-06711-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DENY PETITION**

(Doc. 1)

FOURTEEN-DAY DEALINE

Gurdit S. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### I. FACTUAL BACKGROUND

Petitioner is a citizen and national of India. (Doc. 9-3 at 1).

On May 1, 2026, Petitioner filed their first habeas petition, which was granted and the government was ordered to provide Petitioner with a substantive bond hearing. *See* 1:26-cv-03368-JLT-EGC (E.D. Cal. June 12, 2026) (Doc. 7).

On June 26, 2026, Petitioner was provided a bond hearing pursuant to the Court's order. (Doc. 9-1). The immigration judge ("IJ") denied Petitioner bond, finding that the Department of Homeland Security carried its burden to show by clear and convincing evidence that Petitioner was a significant flight risk. (Doc. 9-1at 1).

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

On July 13, 2026, Petitioner filed their second habeas petition, which was dismissed as duplicative of his first petition. *See* 1:26-cv-05356-JLT-EGC (E.D. Cal. Aug. 7, 2026).

Petitioner then filed a third habeas petition, which is now before the Court, challenging their detention as being unconstitutionally prolonged. (Doc. 1). Petitioner seeks immediate release. (Doc. 1 at 24).

On September 17, 2026, Respondent filed a response to the petition. (Doc. 9). On September 30, 2026, Petitioner then filed a traverse. (Doc. 10).

## II. JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III. DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following their arrest and detention. Petitioner in their initial petition contended that they were being detained without an individualized custody determination. Petitioner has since been provided with such hearing before an immigration judge. Respondent argues the petition should be dismissed or denied, because Petitioner has already received the process they are due and that Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals ("the Board"), that Petitioner must first exhaust. (Doc. 9).

Petitioner maintains their argument that their continued detention violates due process rights. (Doc. 10 at 2).

Respondent contends Petitioner has failed to exhaust available remedies by failing to seek relief for their claims with the Board before seeking a writ of habeas corpus in this court. (Doc. 9

at 4). Petitioner, however, does not challenge the outcome of their bond hearing. Instead, Petitioner claims that their detention is unconstitutionally prolonged under the Fifth Amendment's Due Process Clause. (Doc. 1 at 12). Therefore, the undersigned need not address Respondent's exhaustion argument.

Having determined that 1226(a) informs the nature of Petitioner's detention, the undersigned evaluates whether Petitioner's procedural due process rights have been violated. Respondent argues that in this case the government's compliance with section 1226 afforded Petitioner with all of the process to which they are entitled. (Doc. 9). The undersigned agrees.

As held in analogous cases by various district courts, "Petitioner fails to establish a due process right to a pre-deprivation hearing before their detention and fails to establish that their arrest exceeded the government's statutory authority under § 1226(a)." *Okoth v. Kaiser*, No. EDCV 26-2353-AS, 2026 WL 45199, at *2 (C.D. Cal. Jan. 7, 2026); *see also*, *e.g.*, *Kafle v. Wofford*, No. 1:26-CV-01663-KES-HBK (HC), 2026 WL 2255203, at *3 (E.D. Cal. Aug. 5, 2026); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025) ("the statutory protections of § 1226(a) require only a prompt post-deprivation hearing"); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("[The] Section 1226 framework typically provides for a post-detention, rather than pre-deprivation, bond hearings. If Section 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society.").

Instead, the record shows Petitioner was detained on October 30, 2025, and removal proceedings were initiated. (Doc. 1 at 2). Pursuant to section 1226(a), Petitioner received a bond hearing on June 26, 2026, at which the immigration judge denied bond because Petitioner was a flight risk. (Doc. 9-1 at 1). Petitioner has appealed that decision to the Board. (*Id.* at 3). Thus, Petitioner received due process under section 1226(a). *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Zakharenkova v. Mullin*, 2026 WL 1454524, at *3–4 (C.D. Cal. May 19, 2026) (finding detainee held under section 1226(a) was not entitled to a pre-detention hearing because she was

not re-detained after previous release on an order of supervision); *Toktosunov v. Wamsley*, No. 2:25-cv-1724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) ("under § 1226(a)'s discretionary detention regime, a bond hearing is required before the government may detain [a noncitizen] for a 'prolonged' period") (citation omitted); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882–83 (S.D. Cal. 2022) ("The Court finds, consistent with other post-Jennings cases, that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release."); *Kumar v. Hermosillo*, No. 2:26-cv-00389-JNW, 2026 WL 523276, at *4 (W.D. Wash. Feb. 25, 2026) (declining to order immediate release and collecting cases "holding that '[t]here is no authority' to support a claim that a petitioner 'is entitled to an order of release'") (citations omitted).

Accordingly, the undersigned recommends that the Court deny Petitioner's petition.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation

is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 4, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE