**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GURDIT SINGH,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,

Respondents.

Case No. 1:26-cv-06711 JLT EGC

A-Number: 226-136-633

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION OF WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Doc. 8)

Gurdit Singh is an immigration detainee proceeding with a petition for writ of habeas corpus to 28 U.S.C. § 2241. Petitioner filed a petition for writ of habeas corpus in Case No. 1:26-cv-03368-JLT-EGC. The Court granted the petition and ordered Petitioner to receive a bond hearing, at which the government bore the burden of proof.[1] At the bond hearing, the immigration judge continued the detention upon finding Petitioner "is a significant flight risk." (Doc. 9-1 at 1.) He has appealed that decision. (Doc. 1 at 3.) Petitioner now argues his detention is unreasonably prolonged and seeks immediate release. (*See generally* Doc. 1.) Respondents assert that Petitioner is not entitled to release and due process has been satisfied. (*See* Doc. 9 at 2-3.)

[1] Petitioner also brought petitions for writ of habeas corpus in Case Nos. 1:26-cv-00273-WBS-DMC and 1:26-cv-05356-JLT-EPG, in which the petitions were denied.

The magistrate judge noted it is undisputed that "Petitioner is currently detained under 8 U.S.C. § 1226(a)." (Doc. 11 at 2.) The magistrate judge observed that Petitioner brings his claim for relief under the Fifth Amendment's Due Process Clause and found that at the bond hearing, "Petitioner received due process under section 1226(a)." (*Id.* at 3.) To support this finding, the magistrate judge cited decisions in which the Court found the appropriate remedy for an alleged due process violation "is a bond hearing before an immigration judge rather than immediate release." (*Id.* at 4, citing *Lopez v. Garland*, 631 F. Supp. 3d 870, 882–83 (S.D. Cal. 2022), *Kumar v. Hermosillo*, 2026 WL 523276, at *4 (W.D. Wash. Feb. 25, 2026) (declining to order immediate release and collecting cases "holding that 'there is no authority' to support a claim that a petitioner 'is entitled to an order of release'") [cleaned up].) Therefore, the magistrate judge recommended the Court deny the petition.

Petitioner objects to the Findings and Recommendations. (Doc. 12.) He contends that his petition raised only one, "release-only constitutional question: whether Petitioner's present and continuing physical confinement has become unconstitutionally prolonged and indeterminate as applied under the Fifth Amendment." (*Id.* at 1.) Petitioner argues that he "expressly excluded" a possible second bond hearing as relief, and the magistrate judge erred by finding his due process claim was cured by the bond hearing. (*Id.* at 2; *see also id.* at 3-4, 9-11.) He maintains that he is entitled to release due to the length of his detention, and such a claim was not foreclosed with his prior petitions. (*Id.* at 8.) Petitioner notes that as of the date he submitted the objections, he has been detained approximately 340 days, and he requests that the Court "evaluate the constitutionally of current confinement based on the present duration and the existing record, while leaving the June 26 bond decision and any BIA review untouched." (*Id.* at 12.)

Importantly, the relevant period for the Court to evaluate whether Petitioner's detention has become "prolonged" for purposes of his due process claim is not the entire length of his detention, but rather the length of detention after he received a bond hearing. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (identifying the relevant period as the "months following [the] first bond hearing" when considering whether detention qualifies as prolonged). The Court cannot disregard the process received in the form of a bond hearing—as Petitioner

requests—to find that his detention is unreasonably prolonged. *See id.* Since the bond hearing, Petitioner has been detained approximately four months. This period does not rise to the level of "prolonged detention." *Gagiu v. ICE Field Off. Dir.*, 2026 WL 2291295, at *2 (W.D. Wash. Aug. 10, 2026) (finding a detention period of five months is "less than the presumptively reasonable period" for a petitioner detained under Section 1226(a)). As Petitioner would not be entitled to the lesser relief of a bond hearing, it necessarily follows that he is also not entitled to immediate release. Petitioner fails to show any legal or factual error in the analysis of the magistrate judge.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the entire matter—including Petitioner's objections— the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 11) are **ADOPTED**.
2. The petition for writ of habeas corpus is **DENIED**.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 23, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE